UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

v.                          15CR18A

**Order**

CASIDUS CARR,

Defendant.

Before the Court is defendant's motion to suppress (Docket No. 10) and a subsequent

motion to suppress evidence (Docket No. 32), including release of <u>in camera</u> information and

materials identifying the confidential informant ("CI") that lead to issuance of the search warrant

at issue here (<u>see also</u> Docket No. 44, Def. Atty. 2d Supp'al Affirm. ¶¶ 13-15, 16-21, 22).  An

earlier Order (Docket No. 37) ordered an evidentiary hearing and further argument on this issue

and was held on November 19, 2015 (Docket No. 43), and December 21, 2015 (Docket No. 48).

At issue is the extent (if any) will there be of disclosure of the identity of the CI.

BACKGROUND

Defendant was charged with unlawful transport of firearms (Docket No. 5, Indict.).

Defendant, a state felon, was charged with possession of a Colt .38 caliber revolver and

50 rounds of .38 caliber ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (<u>id.</u>).

The firearms and ammunition were found during execution of a search warrant.  This

warrant was issued based upon the sworn testimony of the CI before Justice Timothy Drury of

the New York State Supreme Court.  CI said that he or she CI was at defendant's home a week

before, and entered a controlled purchase of cocaine for $100 provided by the Erie County

Sheriff's Department.  The CI had known of drug dealing there for a year and a half from CI's

close kin.  The CI also claims to have purchased drugs from defendant.

Defendant argues, upon his supposition of who he thinks the CI might be (see Docket

No. 38), that this person later recanted the statements supporting issuance of the warrant or

possibly concocted the facts (Docket No. 44, Def. Atty. Affirm. ¶ 10).  Defendant needs the

identity of the CI (or review of the in camera material) to test the veracity and the basis of

knowledge of the CI to justify probable cause for the search warrant (id. ¶¶ 11-13, 10).  The

identity also should be provided because the CI claims to have purchased from defendant (id.

¶¶ 17, 18).

The Government responds that Justice Drury conducted a hearing and heard testimony

from the CI, testing that person's veracity and basis of knowledge (Docket No. 45, Gov't

Response at 3, 4).  The warrant affidavit is entitled to a "presumption of validity," Franks v.

Delaware, 438 U.S. 154, 171 (1978) (id. at 3).  This Court's role, in reviewing the validity of the

search warrant, is "simply to ensure the [issuing] magistrate had a substantial basis for

concluding that probable cause existed" (id. at 4, 6), see United States v. Rosa, 11 F.3d 315, 326

(2d Cir. 1993); see also Illinois v. Gates, 462 U.S. 213, 238-39 (1983).  The Government resists

disclosing either the in camera materials or the identity of the CI (id. at 6-7, 7-8).  Alternatively,

the Government argues that the agents in good faith relied upon the issued search warrant and,

absent proof otherwise, the evidence found pursuant to that warrant should not be excluded (id.

at 5), see United States v. Leon, 468 U.S. 897, 923 (1984).

In reply, defendant notes that this Court, after review of the in camera materials, ordered

a hearing and the Government fails to address the issue of disclosure of the CI's identity (Docket

No. 46, Def. Atty. Reply Affirm. ¶¶ 3-4).  Defendant does not seek to call the CI as a witness,

but wishes to introduce the CI's name and evidence of the unreliability of the CI (id. ¶ 6).  To

protect the safety of the CI, defendant proposes to conduct an in camera proceeding or one in a

closed courtroom where the CI's name and other identifying facts could be used (id. ¶ 6).

Despite the Government's alternative good faith argument, defendant concludes a hearing is

necessary to determine whether Justice Drury in issuing the warrant relied upon factors

defendant deems made the CI incredible (id. ¶ 7).

## DISCUSSION

I.      Applicable Standards:  Search Warrant Applications and Confidential Informants

This Court has to give "substantial deference to the findings of the issuing judicial officer

that probable cause exists," United States v. Wagner, 989 F.2d 69, 72 (2d Cir. 1989) (citations

omitted), for issuance of a search warrant.  The determination of probable cause here thus is

limited to "whether the issuing judicial officer had a substantial basis for the finding of probable

cause, [Illinois v.] Gates, [462 U.S. 213, 236 (1983)]," Wagner, supra, 989 F.2d at 72.  In

Wagner, to support a wiretap order, the agent in an affidavit cites to a confidential informant who

made purchases from defendant, worked in defendant's home and assisted in breaking up

marijuana for defendant, and entered into a controlled purchase from the defendant, id.  Inquiry

into the reliability of an informant involves two (sometimes overlapping) types of analysis:  the

source of probable cause and the veracity and quality of the sources of knowledge, id. at 73.  The

quality of sources tests the reliable basis for information; whether that information is first hand,

second hand or rumor, id.  In Wagner, the informant had first-hand information, corroborated by

past purchases by the informant, id.  While it is possible that the informant "has concocted his

story while pretending to cooperate in order to harass an innocent or curry favor with the police,"

id., the Second Circuit held that it was not likely here given the numerous transactions.

"In order to suppress evidence obtained through the use of an allegedly insufficient

search warrant, a defendant must prove that: '(1) the claimed inaccuracies or omissions are the

result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged

falsehoods or omissions were necessary to the [issuing] judge's probable cause finding,'" United

States v. Soto, 52 Fed. App'x 534, 534 (2d Cir. 2002) (summary Order) (quoting United States v.

Canfield, 212 F.3d 713, 717-18 (2d Cir. 2000) (alteration in original; citation omitted)).

This Court next considers the ways proposed by defendant to analyze the CI.

II.     Disclosure of Identity of CI

As for identifying the CI (at the heart of this motion to suppress), this Court has the

discretion to order the Government to disclose a witness list where the defendant makes a

sufficient, specific showing of need for the information, United States v. Cannone, 528 F.2d 296,

298-300, 301-02 (2d Cir. 1975).  The Government does have a qualified privilege to withhold

information concerning identities of confidential informants that it does not intend to call, see

Roviaro v. United States, 353 U.S. 53, 59 (1957).  This privilege is to encourage citizens to

report crimes by protecting informant's identity, id.  But this "informant's privilege" must give

way where the informant's testimony would be "material to the defense," United States v. Saa,

859 F.2d 1067, 1073 (2d Cir. 1988); United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997)

(disclosure required for defendant to have a fair trial).  The factors determining whether the

testimony is material to the defense include the crime charged; possible defenses asserted; the

significance of informer's testimony; and other relevant factors, Roviaro, supra, 353 U.S. at 62.

The defendant has a burden of showing the need for disclosure of the informer's identity, see

Fields, supra, 113 F.3d at 324.  Disclosure is in the discretion of the Court, id., with this Court

balancing the competing interest of the Government and defense, "that the defendant's need for

disclosure outweighs the government's interest in shielding the informant's identity," id.;

Roviaro, supra, 353 U.S. at 62.  Casting doubt on the general credibility of Government's

witness is not a sufficient reason to compel identification of a confidential informant, Saa, supra,

859 F.2d at 1073.  When the informant will not be called as a witness by the Government,

disclosure of the witness's identity is denied, see United States v. Morales, 280 F. Supp. 2d 262,

271 (S.D.N.Y. 2003).  A "far less compelling" reason disclosure is at the pretrial suppression

stage rather than at trial since the former does not relate to defendant's guilt or innocence, Fields,

supra, 113 F.3d at 324; see also McCray v. Illinois, 386 U.S. 300, 311-14 (1967); but see United

States v. Manley, 632 F.2d 978, 985 (2d Cir. 1980) (disclosure "is not absolutely precluded"

when sought in suppression hearing).  If disclosure is ordered, this Court may limit it to only the

informant's name, social security number, and criminal record, see United States v. Jackson, 345

F.3d 59, 70 (2d Cir. 2003); Saa, supra, 859 F.2d at 1075 n.3.  If there is a security concern, courts

can use a "middle course," requiring the informant to be produced for in camera meeting with

defense counsel and the Court, Saa, supra, 859 F.2d at 1074-75.

        In Roviaro, the informant was the sole participant in the transaction with defendant,

hence the Court found that the informant's testimony was highly relevant, 353 U.S. at 64-65; see

United States v. Reed, No. 10-CR-80, 2010 U.S. Dist. LEXIS 101983, at *4-5 (E.D. Wisc.

Aug. 23, 2010) (Gorence, Mag. J.) (holding that informant there merely observed the heroin transaction and was not a transactional witness requiring disclosure).  While the identity of a confidential "tipster" whose observations form the basis for a search warrant but will not be called as a witness is not subject to compulsion, United States v. Moore, 129 F.3d 989, 992 (8th Cir. 1997); United States v. George, No. 06-4002-12-CR-C-NKL, 2007 U.S. Dist. LEXIS 56067, at *2 (W.D. Mo. Aug. 1, 2007).

In this case, defendant sought identification of the CI or production of the in camera materials from Justice Drury to challenge whether there was sufficient material for probable cause to be found.  Defendant proposes either to have the in camera materials produced to him (with or without redactions), identification of the CI, or presentation of testimony regarding the identity and other facts concerning the CI in closed court.  He does not seek the CI's testimony; instead, he wants that person's identity to establish whether the CI was unreliable or deliberately false.  Presumably, the in camera submission by defendant (Docket No. 38) would be unsealed for the Government in order to allow response to defendant's credibility arguments regarding the purported CI.  Defendant also seeks additional discovery about the CI.

Defendant has a "heavy burden of showing that disclosure is 'essential to the defense,'" United States v. Jiminez, 789 F.2d 167, 170 (2d Cir. 1986).  Discrepancies or omissions in the testimony of a CI "are not enough to constitute the 'substantial preliminary showing' of falsity necessary to justify a Franks hearing," United States v. Morris, 509 Fed. App'x 58, 61 (2d Cir. 2013) (summary order); see Franks v. Delaware, 438 U.S. 154, 155-56 (1978).  If the informant lies to the law enforcement officer who then sets out that false information in an affidavit, a

Franks or suppression hearing is not required, United States v. Wapnick, 60 F.3d 948, 956 (2d Cir. 1995).

The CI here testified under oath before Justice Drury of what was observed and defendant's activities, disclosing some of the CI's criminal history.  Justice Drury made a credibility assessment of the CI and issued the search warrant.  Defendant has shown the need to identify the CI (or at least to confirm whether the person defendant claims was the CI is in fact correct).  By alleging making a purchase of narcotics at defendant's residence, the CI is a transactional witness and thus disclosable, Roviaro, supra, 353 U.S. at 64-65; see also United States v. Parks, No. 8:10CR225, 2010 U.S. Dist. LEXIS 92225 (D. Neb. Aug.6, 2010) (Gossett, Mag. J.) (disclosing identity of informant who participated in narcotics transaction).  But the offense here is unlawful transportation of firearms, a distinct offense from narcotics transactions. Defendant contends that he believes that the CI's later recantation and the relationship the CI has with defendant may show deliberate falsehoods by the CI, or at least provide sufficient showing for a hearing on the matter.  But, as stated above, deliberate falsehoods by the CI transmitted by law enforcement agents alone does not justify a Franks hearing or a suppression hearing, Wapnick, supra, 60 F.3d at 956.

During questioning on December 21, 2015, by this Court, the Government indicated that there was a risk to the CI if the identity is disclosed (see Docket No. 48), but the Government prior to that made no argument for preserving the confidentiality of the identity based upon witness safety.

Cases where informant identity was released often occurred at the eve of trial, e.g., Parks, supra, 2010 U.S. Dist. LEXIS 92225; United States v. Flores, No. 1:05-cr-558-WSD-JFK,

2007  U.S. Dist. LEXIS 72522, at *35-36 (N.D. Ga. Sept. 27, 2007) (at request of Government, court defers disclosure until two weeks before trial on assertion of danger to informant with earlier disclosure).  Here, defendant seeks disclosure at a far earlier stage, during a suppression hearing.

Even if there appears to be an absence of probable cause for that warrant, the Government contends that the agents could rely upon the search warrant, Leon, supra, 468 U.S. 897.  Absent the identification of the CI, probable testimony during the evidentiary hearing would be from the agent who applied for the warrant and possibly Justice Drury as the issuing judicial officer, each testifying to what the CI said (see Docket No. 45, Gov't Response at 8).

Here, a variant of the middle course in effect has been used.  First, this Court reviewed in camera the warrant application materials and proceeding before Justice Drury, disclosing the CI's identity to the Court.  Then, defendant filed his in camera motion with his guess of the identification of the CI and raising credibility issues with that person.  What is missing is confirmation that the person the defense identified is the CI.

III.    Production of the In Camera Materials

The in camera materials reviewed here include an audio recording of the proceeding before Justice Drury where the CI provided the basis for knowledge of defendant and the Dunlop Avenue address as a place to search; the Justice's handwritten notes; and the search warrant application, warrant, and return for the Dunlop Avenue search and for another property that was searched based upon the CI's testimony heard by Justice Drury at the same time.

From this Court's own in camera review of these items, redaction would be extensive since the recording before Justice Drury includes the CI's name, voice, and the CI's connection

8

with defendant.  If allowed, the CI's name and other identifiers would have to come out of the

audio tape (or its transcription) and from the Justice's notes.  Redaction thus would provide

"little meaningful information to the public because the redactions are so extensive or might, if

responded to, cause the confidential sources to be identified," United States v. Amodeo, 71 F.3d

1044, 1048 (2d Cir. 1995); see id. at 1053 (reverse unsealing portion of report where partial

redaction was not a viable remedy).  Therefore, production to defendant of the in camera

material (redacted or not) is **not warranted here**.

IV.     Identify the CI

        This Court will follow a variant of the middle course, see also Saa, supra, 859 F.2d at

1074-75, of producing the informant for an in camera meeting with defense counsel.  As

previously stated, this course has already started, with defendant making a guess as to who that

CI is.  The final step in that course is confirming the identification made by defendant.  Since

defendant does not intend to call the CI as a witness, an in camera meeting of defense counsel

and the CI is unnecessary.  Absent the identification of the CI, probable testimony during the

evidentiary hearing would be from the agent who applied for the warrant and possibly Justice

Drury as the issuing judicial officer, each testifying to what the CI said (see Docket No. 45,

Gov't Response at 8).  The Court **confirms that defendant correctly identifies the CI**.

V.      Close the Court

        Defendant alternatively proposes closing the courtroom when testimony identifying the

CI is made (Docket No. 21, Def. Atty. Second Supp'al Affirm. ¶ 21).  There is a presumption of

public access to this Court and its proceedings, Amodeo, supra, 71 F.3d at 1047-48 (public's

presumptive right of access to information pertaining to judicial adjudications); cf. Fed. R. Cr.

P. 49.1 (privacy protections in limited circumstances), but there are privacy interests of "innocent third parties," such as confidential informants, that may warrant exception from the presumption to public access, Amodeo, supra, 71 F.3d at 1050-51.

By applying the middle course and preserving the CI's privacy from the rest of the world, the CI's identity **will not be made in open court**. Defendant's in camera submission (Docket No. 38) **remains sealed** as to the world, but the Assistant United States Attorney assigned to this case shall have access to the sealed item in order to respond to defense contentions.

VI.    Produce Discovery Regarding CI

Defendant also seeks with the identification of the CI production of discovery items about the CI, namely, that person's criminal record, and history of past instances of being an informant. In United States v. Aguilar, No. CR 09-3207 JB, 2010 U.S. Dist. LEXIS 71291, at *22-25 (D.N.M. June 28, 2010), the court ordered disclosure of the informant who was involved in the drug sting operation but did not require production of additional discovery about that informant sought by the defense (such as names of prior cases in which the informant provided information, payments received by that informant for their cooperation, id. at *4). That court only ordered the Government to identify the informant and that information was for attorney's eyes only, id. at *2.

Given that the identity issue is resolved herein, further discovery may not be warranted. Discovery might be necessary if the CI were to testify and defendant needed the CI's criminal record or prior instances as an informant, as examples, to further test credibility. Here, the defendant has material questioning the CI's credibility. Since the CI may not be called by defendant, additional discovery **is not warranted at this time**.

10

VII.     Necessity for an Evidentiary Hearing

Also given this identification, this Court's determination to hold an evidentiary hearing must be revisited.  Defendant stated that he did not intend to call the CI but his <u>in camera</u> motion questioned the CI's credibility.  The Government, upon its review of the sealed material, may wish to call the CI to refute the allegations, but the Government's arguments focus on the other points for the probable cause finding for issuance of the warrant and later good faith reliance upon that warrant, hence it may not seek the CI's testimony.

An evidentiary hearing would concern whether there is an absence of probable cause based upon the credibility of the CI, with defense instances of not being credible cited by defendant <u>in camera</u> (Docket No. 38), and the whether the exceptions from good faith reliance upon the facially sufficient search warrant are present here.

Parties are to appear on **Wednesday, March 2, 2016, at 10 am**, to argue whether an evidentiary hearing is still necessary and, if so, what would need to be resolved at that hearing. Alternatively, if a hearing is deemed not necessary, argument on that date can be on the merits of defendant's motion to suppress, with this Court taking the submissions made to date under advisement.

CONCLUSION

For the reasons stated above, so much of defendant's motion (Docket No. 32; <u>see</u> Docket No. 44) to disclose the identity of the confidential informant or production of <u>in camera</u> materials that would identify the informant is **granted in part, denied in part** in the manner stated above (denying discovery regarding the confidential informant but granting in identifying the confidential informant for defense counsel).  Further oral argument shall be held on **Wednesday,**

11

**March 2, 2016, at 10 am**, before the undersigned, at the Orleans Courtroom, 5th Floor, Robert

Jackson United States Courthouse, Buffalo, New York.

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        January 13, 2016