UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                  **Hon. Hugh B. Scott**

             v.                                        15CR18A

                                                  **Order**

CASIDIUS CARR,

                Defendant.

Before the Court is defendant's motion to suppress (Docket Nos. 10, 32), in particular defendant's renewed motion for an evidentiary hearing. Separately, this Court considered defendant's other relief sought in his omnibus motion (Docket Nos. 19 (Order), 18 (Report & Rec.), adopted No. 20 (Order of July 24, 2015)).

BACKGROUND

Familiarity with the facts and prior proceedings in this action (see Docket Nos. 18, 49) is presumed. Defendant was charged with unlawful transport of firearms (Docket No. 5, Indict.); the firearms were found during the execution of a search warrant issued by New York Supreme Court Justice Timothy Drury (see Docket No. 49, Order of Jan. 13, 2016, at 1-2). In support of issuance of this warrant was the sworn testimony of a confidential informant (hereinafter "CI"), who represented that CI made a controlled purchase of cocaine from defendant a week before the warrant application (id. at 2).

Initially, this Court held that a suppression hearing was warranted (Docket No. 37), with the remaining issue of disclosure of the identity of the CI. The Government provided the in camera search warrant material which identified CI. Defendant filed his own in camera papers with his possible identification of the CI. This Court then confirmed defendant's supposition as to CI's identity (Docket No. 49, Order at 9) but scrupulously declined to identify this person on the record. This Court declined to close the courtroom or allow production to defendant (id. at 9-10). The remaining issue (resolved in this Order) was whether a hearing under these circumstances was warranted (id. at 11).

During oral argument on March 7, 2016, defendant argued that (with the identity of the CI confirmed) a hearing was required because there were discrepancies between the search warrant application and what might have been revealed in the in camera materials. First, he points out that controlled purchases were not mentioned in the search warrant application but, according to this Court's decision reviewing the in camera materials, the CI testified that the CI was involved in such a purchase. Next, defendant argues that the CI's criminal history was not fully divulged. Defendant also seeks production of the in camera materials, offering to have a protective Order issued limiting release only to defense counsel or defendant.

The Government responded that the best evidence was the in camera and other search warrant materials already before this Court and that a hearing was unnecessary.

This Court reserved decision on this procedural question.

## DISCUSSION

In suppression of material obtained during execution of a search warrant, this Court must test the validity of the search warrant to "ensure that the [issuing] magistrate had a substantial

basis for concluding that probable cause existed" for issuance of the warrant (Docket No. 45, Gov't Response at 4, 6), see United States v. Rosa, 11 F.3d 315, 326 (2d Cir. 1993); see also Illinois v. Gates, 462 U.S. 213, 238-39 (1983).  In this process, this Court has to give "substantial deference to the findings of the issuing judicial officer that probable cause exists," United States v. Wagner, 989 F.2d 69, 72 (2d Cir. 1989) (citations omitted).  "In order to suppress evidence obtained through the use of an allegedly insufficient search warrant, a defendant must prove that: '(1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding,'" United States v. Soto, 52 Fed. App'x 534, 534 (2d Cir. 2002) (summary Order) (quoting United States v. Canfield, 212 F.3d 713, 717-18 (2d Cir. 2000) (alteration in original; citation omitted)).

     Defendant seeks this hearing to learn whether the discrepancies he points to resulted from deliberate falsehood or reckless disregard for the truth and whether these falsehoods or omissions were necessary to Justice Drury's probable cause finding.  This Court reaffirms (Docket No. 37) that a hearing is warranted here; defendant's motion for that proceeding is **granted**.

     As for defendant's renewed request to production of the in camera material (audio recording of the proceedings before Justice Drury, Justice Drury's handwritten notes, the search warrant application, warrant, and return) in order to effectively conduct this hearing, this Court agrees with defendant that the defense should obtain this material.  An alternative method than previously listed (cf. Docket No. 49, Order at 8-9) was suggested during the March 7 oral argument, that a protective Order be issued limiting who can see the in camera material.  To balance disclosure concerns, this Court **orders** that **the in camera material are only for**

**defense counsel's eyes only**, see also United States v. Saa, 859 F.2d 1067, 1075 n.3 (2d Cir. 1988).

## CONCLUSION

For the reasons stated above, defendant's motion (Docket Nos. 10, 32) for an evidentiary hearing for his motion to suppress is **granted**. Defendant's renewed request for production of the in camera material is also **granted**, but under the terms of this protective Order that disclosure is **only for defense counsel's eyes only**. The date and time of this hearing will be set by a separate Order.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
March 23, 2016